**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLSTATE INSURANCE** | : | |
| **COMPANY, et al.,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FUNAI CORPORATION, et al.,** | : | **CIVIL ACTION NO. 1:07-CV-799** |
| **Defendants** | : | **(Consolidated Cases)** |
| ————————————————— | : | |
| | : | **(Chief Judge Kane)** |
| **HA L. HOANG and NAM L. HOANG,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FUNAI CORPORATION, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is a motion to dismiss the *Hoang* action by Defendant Funai Electric

Co., Ltd. ("Funai Electric") on the basis of improper service of process.  (Doc. No. 8.)  The

motion has been briefed and is ripe for disposition.  For the reasons that follow, the motion will

be granted.

**I.     BACKGROUND**

These consolidated cases arise from property damages and personal injury sustained as a

result of a house fire on December 29, 2004, which was allegedly caused by Defendants'

negligence and/or a malfunction in a combination television/video cassette recorder ("TV/VCR")

designed, manufactured, and/or sold by Defendants.[1]  In the first consolidated action, Allstate

---

[1]  The Defendants in this action are as follows: Funai Corp., Inc., Funai Electric Co., Ltd.,
Osram Sylvania, Inc., Osram Sylvania Products, Inc., Sears Holding Corp., Sears, Roebuck &
Co., K-Mart Corp., and K-Mart Holding Corp.

Insurance Company ("Allstate"), as subrogee of Nam Hoang, seeks to recover money paid to Mr. Hoang pursuant to a homeowners insurance policy. (This action will be referred to as the "*Allstate* action.") In the second consolidated action, Plaintiffs Ha and Nam Hoang seek to recover for injuries and property damage sustained by them personally. (This action will be referred to as the "*Hoang* action.")

Both the *Allstate* and *Hoang* actions were filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on December 19, 2006. The *Allstate* action was timely removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) on January 17, 2007; the *Hoang* action was similarly removed on January 19, 2007. All of the Defendants except Funai Electric filed answers to the *Allstate* and *Hoang* complaints on January 17, 2007, and January 19, 2007, respectively. Funai Electric, a Japanese corporation with its principal place of business located in Japan, did not file an answer because it had yet to be served in either action.

On February 16, 2007, Allstate, the Hoangs, and all Defendants except Funai Electric (which had not been served in either action) entered into a stipulation that "the interests of justice and the convenience of the parties and witnesses will be served by consolidating these two actions [the *Allstate* and *Hoang* actions] for all pretrial proceedings and trial." (Doc. 1-7, at 1.) The stipulation acknowledged that Funai Electric had not yet been served, and asserted that it would not be prejudiced by consolidation. (Id. at 1-2.) On February 26, 2007, the United States District Court for the Eastern District of Pennsylvania ordered that the *Allstate* and *Hoang* actions "be consolidated under Docket Number 07-227," the case number assigned to the *Allstate* action. (Doc. No. 1-9.) On March 22, 2007, the Eastern District ordered that the consolidated

2

actions be transferred to this Court, where the consolidated actions were assigned docket number 07-799.  (Doc. No. 1-13.)

Funai Electric was served with process in the *Allstate* action in accordance with the provisions of the Hague Convention, and it filed an answer to the *Allstate* complaint on June 18, 2007.  (Doc. No. 3.)  On that date, Mr. Rubendall, II,[2] entered his appearance on behalf of Funai Electric in the consolidated cases.[3]  On June 26, 2007, Mr. Rubendall informed the Hoangs by letter that Funai Electric had been served in Japan in the *Allstate* action, and he further advised that Funai Electric "insist[s] that service be accomplished separately upon Funai Electric in [the *Hoang* action]" under the Hague Convention, as per the company's policy.  (Doc. No. 9-2, at 19.) In response, counsel for the Hoangs stated their position that, "Allstate's case and the Hoangs' case is one in the same," and that the "the Hoangs can serve . . . counsel of record for Funai in this single pending lawsuit."  (Doc. No. 9-2, at 21.)

On August 3, 2007, the Hoangs mailed Mr. Rubendall an original and copy of the summons and complaint in the *Hoang* action.  (Id. at 25.)  Mr. Rubendall refused to accept service on the company's behalf on the grounds that he was not authorized by his client to accept service of process in the *Hoang* action.  (Id. at 27.)  To date, no return of service upon Funai Electric in the *Hoang* action has been filed, no extension of time for service has been sought, and the Court has not been requested to appoint an international process server as a predicate for

---

[2]  Mr. Rubendall now represents all of the defendants in the consolidated cases.

[3]  To the Court's knowledge, the Middle District's electronic filing system does not provide a clear way for Mr. Rubendall to indicate that his entry of appearance on Funai Electric's behalf on June 18, 2007, was limited to the *Allstate* action.

serving Funai Electric in Japan pursuant to the Hague Convention.[4]

Since the filing of the instant motion, Allstate filed an unopposed motion to dismiss its

claims against all defendants (Doc. No. 17), which was granted on January 24, 2008 (Doc. No.

18).  Thus, the *Hoang* action is the only remaining action.

On October 23, 2007, Funai Electric moved to dismiss the *Hoang* action for lack of

timely service of process.  Acknowledging that Rule 4(m) of the Federal Rules of Civil

Procedure generally exempts service in a foreign country from the standard 120-day time

limitation for service, Funai Electric argues that the Hoangs never attempted to effectuate service

in Japan so as to fall within this "foreign country" exception.  Additionally, Funai Electric

maintains that its attorney in the *Allstate* action is not authorized to accept service on its behalf,

rendering the Hoangs' August 3, 2007, attempt at service not only untimely but also "pointless."

(Doc. No. 9, at 4.)  Finally, Funai Electric asserts that the consolidation of the *Allstate* and *Hoang*

actions in no way relieved plaintiffs of their obligation to serve Funai Electric with complaints in

each action.

---

[4] Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and
Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the
Hague Conference on Private International Law on November 15, 1965, provides as follows:

> The authority or judicial officer competent under the law of the State
> in which the documents originate shall forward to the Central
> Authority of the State addressed a request conforming to the model
> annexed to the present Convention, without any requirement of
> legalisation or other equivalent formality.

> The document to be served or a copy thereof shall be annexed to the
> request. The request and the document shall both be furnished in
> duplicate.

Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361.

In their brief in opposition to the motion to dismiss, the Hoangs do not respond to Funai Electric's Rule 4(m) argument that "far too much time has passed . . . for service upon Funai Electric to be effected in a timely fashion." (Doc. No. 9, at 9.)  Rather, the Hoangs maintain that they effectively served their complaint on Funai Electric in August 2007 by serving Mr. Rubendall, the attorney who entered his appearance on the company's behalf in the related *Allstate* action. (Doc. No. 13, at 3.)  Furthermore, the Hoangs argue that Funai Electric's "demonstrated . . . willingness to engage in extensive litigation in the Middle District" in the consolidated cases has "effectively waived any defense based upon lack of personal jurisdiction, including an absence of service." (Id. at 4.)

## II.    STANDARD OF REVIEW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  Under Rule 12(b)(5) of the Federal Rules of Civil "insufficiency of service of process," is one basis for which a defendant may seek dismissal of a complaint. Fed. R. Civ. P. 12(b)(5).  In a motion under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue." Mitchell v. Theriault, 516 F. Supp. 2d 450, 452 (M.D. Pa. 2007) (quoting Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)).

III.    **DISCUSSION**[5]

A.    **Timeliness of service**

Federal Rule of Civil Procedure 4(h) addresses the manners by which a plaintiff may

effect service upon domestic and foreign corporations.  Fed. R. Civ. P. 4(h).  The rule categorizes

the approach to service upon corporations according to where the service is to be accomplished.

See id.  The first subsection of Rule 4(h) provides that, when a plaintiff effects service within a

judicial district of the United States, he must do so "in the manner prescribed for individuals by

subdivision (e)(1) [pursuant to the certain state laws governing service] or by delivering a copy of

the summons and of the complaint to an officer, a managing or general agent, or to any other

agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P.

4(h)(1); see also Fed. R. Civ. P. 4(e)(1).  When service upon a corporation is effected

elsewhere – that is, not within any judicial district of the United States – Rule 4(f) applies.  Fed.

R. Civ. P. 4(h)(2).  Rule 4(f) provides, in relevant part:

> [S]ervice . . . may be effected in a place not within any judicial
> district of the United States: (1) by any internationally agreed means
> reasonably calculated to give notice, such as those means authorized
> by the Hague Convention on the Service Abroad of Judicial and
> Extrajudicial Documents . . .

Fed. R. Civ. P. 4(f)(1).  Where service is to occur in a country that is a signatory to the Hague

_____

[5] Proposed amendments to the Federal Rules of Civil Procedure, including Rule 4, took
effect as of December 1, 2007.  Throughout this memorandum opinion, the Court's quotations of
and references to Rule 4 are to the pre-2007 amendments version of Rule 4, as those were the
provisions governing Plaintiffs' service during the relevant time frame.
        The outcome would not have been different under revised Rule 4.  See Fed. R. Civ. P. 4
2007 advisory committee's note ("The language of Rule 4 has been amended as part of the
general restyling of the Civil Rules to make them more easily understood and to make style and
terminology consistent throughout the rules.  These changes are intended as stylistic only.")
(emphasis added).

Convention, compliance with the Convention is mandatory.  See Volkswagenwerk

Aktiengesellschaft  v. Schlunk, 486 U.S. 694 (1988); see also In re Bulk [Extruded] Graphite

Products Antitrust Litigation, No. 04-6030, 2006 WL 1084093, at *2 (D.N.J. April 24, 2006)

(citing Schlunk and explaining that Hague Convention is mandatory "when serving a foreign

defendant in a signatory country").  Japan is a signatory to the Hague Convention; thus, to be

successful, any attempt to serve Funai Electric in Japan must conform to the requirements of the

Hague Convention.

In addition to setting forth how and where service may be accomplished, Rule 4 also

specifies when service must be effected.  See Fed. R. Civ. P. 4(m).  Subsection (m) of Rule 4

generally imposes a 120-day time limit upon effecting service of a summons and complaint:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the court,
> upon motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct that
> service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.  This subdivision does not
> apply to service in a foreign country pursuant to subdivision (f) . . . .

Fed. R. Civ. P. 4(m).  Notably, the last sentence of Rule 4(m) exempts service occurring in a

foreign country from the general 120-day time limit.  Id.  Courts have reasoned that the foreign

country exception is a "recogni[tion] that the timeliness of foreign service is often out of the

plaintiff's control."  Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005);

accord Umbenhauer v. Woog, 969 F.2d 25, 31 (3d Cir. 1992) (noting that the "drafters apparently

incorporated this exemption into Rule 4(j) [Rule 4(m)'s predecessor] because . . . the vagaries of

such service on foreign defendants render the . . . time limit too burdensome on a plaintiff.")

7

(quotation marks, brackets, and citation omitted).

Although the Third Circuit has yet to squarely address the issue, several courts have determined that the exemption from the 120-day time limit for service in a foreign country does not apply if a plaintiff makes no effort to serve the foreign defendant abroad.  USHA (India) LTD v. Honeywell Int'l Inc., 421 F.3d 129, 134 (2d Cir. 2005) ("[Rule 4(m)'s] exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country."); Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited.  If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim.") (internal citations omitted); see Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 665 (D. Vt. 1996) ("A plaintiff can invoke this exception only if he or she attempted to serve the defendant pursuant to the rules governing service in a foreign country. . . ."); In re Southold Dev. Corp., 148 B.R. 726, 729-30 (E.D.N.Y. 1992) ("[I]t seems illogical to allow a plaintiff who does not even attempt to serve a defendant for more than 120 days after the filing of the complaint to avoid dismissal under Rule [4(m)] by eventually attempting service in a foreign country pursuant to Rule [4(f)]."); see also 1 Moore's Federal Practice, § 4.54[4] (Matthew Bender 3d ed.) ("[W]hen a plaintiff makes reasonable efforts to serve the foreign defendant according to the appropriate procedures in the foreign country, the district court may not dismiss the case because of delay in service.  The plaintiff must, however, actually attempt to effect service in a foreign country in order to benefit from the exemption to the 120-day rule.").[6]  This Court is persuaded

_____

[6]  But see In re S1 Corp. Sec. Litog., 173 F. Supp. 2d 1334, 1344 (N.D. Ga. 2001) (stating that "the trend of courts is to find that the 120 day period does not apply even if the plaintiff makes no attempt to serve [the foreign defendant] within the period") (citing cases and other

by the reasoning of these cases, and finds that the exemption from the 120-day time limit for service in a foreign country does not apply where – as here – the plaintiff has not made a reasonable, good faith effort to attempt service abroad during the 120-day period.

Based on the record now before the Court, the Hoangs' first and only attempt to serve Funai Electric occurred on August 3, 2007, when they mailed the summons and complaint to Mr. Rubendall, the Pennsylvania attorney who entered his appearance on Funai Electric's behalf in the *Allstate* action.[7] This attempt at service is subject to the 120-day time limit in Rule 4(m) and was clearly untimely, occurring more than 190 days after removal of the *Hoang* action to federal court.

### B.   Sufficiency of service and waiver of service

#### 1.   *Sufficiency of service*

Moreover, even if their mailing to Mr. Rubendall had been timely, the Hoangs have not established that their "service" of the complaint and summons on Mr. Rubendall was, in fact, proper service on Funai Electric.

The Hoangs acknowledge that "counsel in one action generally cannot accept service of process on behalf of his client in a separate and distinct matter for which counsel has not been employed."  (Doc. No. 13, at 6) (citing Fleehr v. Mummert, 857 A.2d 683, 685 (Pa. Super. Ct. 2004)).  Plaintiffs attempt to distinguish this case from the "typical case" and argue that their service on Mr. Rubendall was effective, seemingly on the grounds that he was expressly or

---

persuasive authority).

[7]  Even were the Court to consider the correspondence between counsel for Funai Electric and the Hoangs in late June 2007 as part of the Hoangs' efforts to serve Funai Electric (see Doc. No. 9-2, at 19-25), these measures also happened well after the deadline for service had passed.

impliedly authorized by Funai Electric to accept service of process.  (See, e.g., Doc. No. 13, at 4)

("Here, counsel for Funai Electric voluntarily appeared on Fuani's behalf and filed an Answer to

the Allstate Complaint in this consolidated action.  By taking such action, he consented to the

acceptance of service on Funai's behalf and waived any objection to acceptance of service of the

Hoang Complaint.").

>        One district court has explained that:

>> There must be evidence that the defendant intended to confer upon its
>> agent the specific authority to receive and accept service of process
>> for the defendant.  The defendant's attorney is not deemed an agent
>> appointed to receive service absent a factual basis for believing such
>> an appointment by the defendant has occurred. . . . [T]he mere
>> attorney-client relationship between a defendant and his attorney does
>> not, in itself, convey the specific authority necessary for the attorney
>> to receive process on the defendant's behalf.

Electroweb Media, Inc. v. Mycashnow.com, Inc., No. 1:02-cv-133, 2006 WL 2850132, at *2

(E.D. Tenn. Sept. 29, 2006) (internal citation omitted).  Here, there is nothing to suggest that

Funai Electric conferred expressly or impliedly the right to accept service of process on its

counsel, Mr. Rubendall.  Indeed, Mr. Rubendall has insisted that his client be served with the

*Hoang* complaint in Japan pursuant to the Hague Convention and has disavowed any authority to

accept process of service on Funai Electric's behalf in the *Hoang* action.  (See Doc. No. 9-2, at

19, 23.)  Moreover, Mr. Rubendall's actions have been consistent with his contention that he

cannot accept service on Funai Electric's behalf.  After entering his appearance on behalf of

Funai Electric by filing its answer to the *Allstate* complaint, Mr. Rubendall's actions on Funai

Electric's behalf with respect to the *Hoang* action have been limited to correspondence with the

Hoangs' counsel insisting that Funai Electric be served pursuant to the Hague Convention and

the instant motion to dismiss the *Hoang* action as to Funai Electric for improper service.  Unlike

the cases cited by plaintiff, this is not a case where a party voluntarily entered an appearance and

then immersed itself in litigation.  Compare with In re Texas Eastern Transmission Corp. PCB

Contamination Ins. Coverage Litig., 15 F.3d 1230, 1236 (3d Cir. 1994) (counterclaim defendants

unable to contest service and personal jurisdiction where they "actively litigated" the matter and

"litigat[ed] the motions for summary judgment and, in fact, moved for summary judgment on

other grounds"); O'Barto v. Glosser Stores, Inc. 324 A.2d 474,745-46 (Pa. Super. Ct. 1974)

(defendant found to have waived objections to service of process and personal jurisdiction where

defendant filed and served interrogatories on the plaintiff, answered a complaint by another party

in the case, and filed a complaint to join another party as an additional defendant); Fleehr, 857

A.2d at 685 (party's challenge to service and personal jurisdiction unsuccessful where party's

counsel represented that she would accept service on behalf of her client in an action related to

the arbitration proceeding for which counsel was hired and then appeared before the court and

agreed to consolidate the related action with the arbitration proceeding).

### 2.      *Waiver of service*

The discussion of Mr. Rubendall's involvement in the consolidated cases dovetails into

the Hoangs' argument that Funai Electric, through the actions of counsel or otherwise, has

waived any argument regarding insufficiency of service and consented to litigate the *Hoang*

action here in the Middle District of Pennsylvania.  (See Doc. No. 13, at 4); see also Cmiech v.

Electrolux Home Products, Inc., 520 F. Supp. 2d 671, 675 (M.D. Pa. 2007) ("One can become

party to a suit, waiving service or process, by voluntary appearance.") (citing Fleehr, 857 A.2d at

685).  "A defendant manifests an intent to submit to the court's jurisdiction when the defendant

takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego the defective service." Cmiech, 520 F. Supp. 2d at 675 (quoting Fleehr, 857 A.2d at 685); see also In re Texas Eastern, 15 F.3d at 1236 ("[W]e may infer that the counterclaim defendants effectively waived the defense of lack of personal jurisdiction based on the absence of service of process by acquiescing in personal jurisdiction.").

In support of their argument that Funai Electric has waived any defect in service and consented to litigate in this forum, the Hoangs direct the Court's attention to the following: "(1) [Mr. Rubendall] represents **all** of the Defendants in both lawsuits; (2) he moved to consolidate the two actions; and (3) after the two actions were consolidated, he filed Funai Electric's Answer to Plaintiff Allstate's Complaint, thereby *entering his appearance on behalf of Funai Electric*." (Doc. No. 13, at 3) (emphasis in original); (see also id. at 4-7) (further developing these three points). The Hoangs' reliance on Mr. Rubendall's actions in this case preceding his entry of appearance on behalf of Funai Electric is misplaced. Plaintiff cites no authority to support the proposition that actions taken by an attorney on behalf of *other* clients he represents somehow "become" the actions of a defendant that the attorney later comes to represent in the same action. Additionally, the stipulation regarding consolidation unambiguously states: "All defendants have been served and are represented by counsel *except Funai Electric Company*, a Japanese corporation." (Doc. No. 1-7, ¶ 2) (emphasis added). And Mr. Rubendall signed the stipulation on behalf of all of the defendants in the *Allstate* and *Hoang* actions *except* Funai Electric. (Id. at 2.) Thus, the only actions taken by Mr. Rubendall on behalf of Funai Electric are his: (1) filing an answer to the *Allstate* complaint; (2) corresponding with the Hoangs about serving the *Hoang* complaint on Funai Electric in Japan; (3) moving to dismiss

12

the *Hoang* action against Funai Electric when service was not effected in Japan; and

(4) participating in a court-ordered case management conference during which Funai Electric's

objection to service was again communicated.  The Court is not convinced that these actions

evidence Funai Electric's intent to forego any objection to the defective service of the *Hoang*

complaint and summons.

### 3. *Effect of consolidation on service*

Finally, the fact that the *Allstate* and *Hoang* actions were consolidated does not compel a

different conclusion.  The Third Circuit has repeatedly reaffirmed that "consolidation is

permitted as a matter of convenience and economy in administration, but does not merge the

suits into a single cause, or change the rights of the parties, or make those who are parties in one

suit parties in another."  <u>Johnson v. Manhattan Ry., Co.</u>, 289 U.S. 479, 496-97 (1933), as quoted

in <u>Cella v. Togum Constructeur Ensembleier En Industrie Alimentaire</u>, 173 F.3d 909, 912 (3d

Cir. 1999) and <u>In re Cmty. Bank of No. Va.</u>, 418 F.3d 277, 289 n.12 (3d Cir. 2005); <u>see also</u>

<u>Newfound Mgmt. Corp. v. Lewis</u>, 131 F.3d 108, 116 (3d Cir. 1997) ("<u>Johnson</u> remains the

'authoritative' statement on the law of consolidation.").  Thus, the Court disagrees with the

Hoangs' position that "Allstate's case and the Hoangs' case is one and the same" (Doc. No. 9-2,

at 21) and finds on the facts before it that Funai Electric has not been properly served and has not

waived service of process in the *Hoang* action.

### C.   **Extension of time for the Hoangs to effect proper service**

Having concluded that the foreign-service exception is inapplicable, and having found

unavailing the Hoangs' arguments that Funai Electric was served via Attorney Rubendall or

otherwise waived service of process, the Court must address whether grounds exist for excusing

the 120-day time limit and extending the time for the Hoangs to effectively serve Funai Electric

in Japan.  The determination of whether to extend time for service of process involves a two-step

inquiry.  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).  First, a district

court must determine whether good cause exists for a plaintiff's failure to effect timely service.

Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).  If good cause exists, the court must grant

an extension.  Id.  If good cause does not exist, however, the district court must then consider

whether to grant a discretionary extension of time.  Id.; MCI Telecomm. Corp. v. Teleconcepts,

Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

> ### 1.   *Mandatory extension*

Courts have considered three factors in determining the existence of good cause: (1) the

reasonableness of plaintiff's effort to serve; (2) whether the plaintiff moved for an enlargement of

time to serve; and (3) whether the defendant is prejudiced by the lack of timely service.  See MCI

Telecomm., 71 F.3d at 1097.  A court's "primary focus," of course, "is on the plaintiff's reasons

for not complying with the time limit in the first place."  Id.

In their brief in opposition to the motion to dismiss, the Hoangs do not address Funai

Electric's argument that they have not timely served Funai Electric.  Nor have the Hoangs

detailed any activities they took to effect service on Funai Electric prior to late June 2007.  See

Doc. No. 9-2, at 21) (Letter by Hoangs' counsel stating: "Having learned that you entered your

appearance for Funai, I had intended simply to serve you as its counsel with the Hoangs'

Complaint").  Indeed, as previously mentioned, the Hoangs' only attempt at service upon Funai

Electric appears to be mailing a letter on August 3, 2007, to Mr. Rubendall even though he

specifically indicated that Funai Electric insisted upon service pursuant to the Hague Convention

and disavowed any authority to accept service on the company's behalf.  (Doc. No. 9-2, at 19-27).  Additionally, the Hoangs never moved for an enlargement of the time for service, which is particularly puzzling because in a June 27, 2007, letter the Hoangs acknowledge the need to effect service (id. at 21), and then in a July 3, 2007, letter Funai Electric communicated its intention to prepare and file a motion to dismiss for lack of service (id. at 23).  Finally, while Funai Electric has not identified any particular prejudice it has suffered as a result of the Hoangs' failure to effect timely service, the "absence of prejudice alone can never constitute good cause to excuse late service."  MCI Telecomm., 71 F.3d at 1097.

Based upon due consideration of the relevant factors, the Court finds that the Hoangs have not shown good cause for their failure to serve process in a timely manner.  Accordingly, they are not entitled to a mandatory extension of time under Rule 4(m).

### 2. Discretionary extension

Turning to the second phase of the inquiry under Rule 4(m), the Court must determine whether to exercise its discretion to grant the Hoangs an extension of time to serve process.  In determining whether to grant a discretionary extension, the Court is mindful of the Third Circuit's preference that cases be disposed of on the merits wherever practicable.  See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise their discretion; however, the court has advised district courts that the Advisory Committee's notes to Rule 4 provide some guidance.  Boley, 123 F.3d at 758; Petrucelli, 46 F.3d at 1305-06; see also Fed. R. Civ. P. 4(m) advisory committee's notes (referencing factors such as the running of the statute of limitations; attempts by the

defendant to evade service; whether service was to be made on multiple defendants; whether the

plaintiff is appearing *pro se*).

Any claim of prejudice by Funai Electric is militated by the fact that the company had

actual notice of the action for some time – since it received the *Allstate* complaint, and most

likely even earlier.  Boley, 123 F.3d at 759 ("[A]ctual notice to a defendant that an action was

filed militates against a finding of prejudice.")  Another factor weighing in favor of an extension

is the fact that the statute of limitations on the Hoangs' claims has run, preventing them from

refiling this action against Funai Electric.  Id. at 758 (citing Fed. R. Civ. P. 4(m) 1993 advisory

committee's note).  With respect to this factor, the Court notes that the suit was filed less than

two weeks before the expiration of the statute of limitations, arguably lessening the weight of this

factor in the Hoangs' favor.  See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d

Cir. 1998) (stating that in denying a discretionary extension of time "the [district] court

insightfully commented that 'the running of the statute on the date the original complaint was

filed causes me to view that favor in a light less favorable to plaintiff than might otherwise be the

case.'").  The Court also notes that, the running of the statue of limitations as to Funai Electric

does not prevent the Hoangs from pursuing their claims against the other named defendants who

have been properly made a part of the *Hoang* action.  Thus, the Hoangs are not left without any

remedy for injuries.

Weighing against the Court's grant of a discretionary extension of time is the fact that, as

mentioned before, the Hoangs' efforts at serving Funai Electric have been both minimal and

untimely.  Indeed, based on the record before the Court, the Hoangs' only effort to serve Funai

Electric consists of mailing the complaint and summons to Mr. Rubendall on August 3, 2007,

more than 190 days after the complaint had been removed.  The Hoangs have offered no

explanation why their sole effort at service was so tardy; in fact, they do not even acknowledge

Funai Electric's timeliness argument in their brief in opposition to the motion to dismiss.

The Hoangs have never requested any extension of time to effect service, despite being

aware that service of process – and the timeliness thereof – was an issue in the case.  (See, e.g.

Doc. No. 1-7, ¶ 2) (stipulation notes that Funai Electric has not been served); (Doc. No. 9-2, at

19-23) (correspondence between counsel about the service of Funai Electric, including Mr.

Rubendall's disavowal of any authority to accept service of process).  Indeed, even after being

told in July 2007 that Funai Electric considered service upon Mr. Rubendall ineffective and that

Funai Electric would be moving to dismiss for improper service, the Hoangs declined to seek an

extension of time or otherwise involve the Court in the matter.  This is clearly not a case where

the defendant evaded service or concealed a defect in attempted service.  See Fed. R. Civ. P.

4(m) advisory committee's notes.  Moreover, the Court is not inclined to delay the progress of

this case for the Hoangs to – more than a year after their action was filed and more than three

years after the incident upon which their claims are based occurred – finally attempt to serve

Funai Electric in Japan according to the Hague Convention.  Thus, in weighing the

considerations contained in the Advisory Committee's notes to Rule 4(m) and other relevant

factors, the Court finds that a discretionary extension of time is not warranted.

## IV.    CONCLUSION

Defendant Funai Electric has moved to dismiss the *Hoang* action as to it for lack of

proper service.  Here, the Hoangs' only attempt at serving Funai Electric was an August 3, 2007,

letter sent to Mr. Rubendall, Funai Electric's attorney in the related *Allstate* action, which has

since been voluntarily dismissed.  This letter was an untimely effort at service, and the Hoangs have not established that, if timely, it would have been sufficient service of process upon Funai Electric.  Additionally, the Hoangs have not demonstrated that the Court has any other basis – such as waiver – to assert its jurisdiction over Funai Electric in the *Hoang* action.  Having concluded that an extension of time in which to accomplish service is inappropriate under the circumstances of this case, the Court will grant Defendant Funai Electric's motion to dismiss.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLSTATE INSURANCE** | : | |
| **COMPANY, et al.,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FUNAI CORPORATION, et al.,** | : | **CIVIL ACTION NO. 1:07-CV-799** |
| **Defendants** | : | **(Consolidated Cases)** |
| | : | |
| | : | **(Chief Judge Kane)** |
| **HA L. HOANG and NAM L. HOANG,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FUNAI CORPORATION, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW this 25th day of February, 2008, upon consideration of the motion to dismiss the *Hoang* action as to Defendant Funai Electric Co., Ltd., for improper service (Doc. No. 8), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion (Doc. No. 8) is **GRANTED**.  Defendant Funai Electric is dismissed from the *Hoang* action.


　s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania