IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HA L. HOANG and NAM L. HOANG,<br>          Plaintiffs | :  CIVIL ACTION NO. 1:07-CV-799<br>:<br>:  (Chief Judge Kane) |
| v. | :<br>: |
| FUNAI CORPORATION, et al.,<br>          Defendants | :<br>: |

### MEMORANDUM

Before the Court is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(c), or, alternatively, for partial summary judgment under Federal Rule of Civil Procedure 56(d). (Doc. No. 24.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

This case was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on December 19, 2006, and timely removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). In March 2007, the Eastern District transferred the action, and another with which it had been consolidated, to this Court.[1]  (Doc. No. 1-13.)

By way of this action, the Hoangs seek to recover for personal injuries and property damage suffered when a residential fire broke out at 1008 Hudson Street in Harrisburg, Pennsylvania, on December 29, 2004. (Doc. No. 15-3, ¶ 42.) The home was owned by Plaintiff Nam Hoang, who resided there with his mentally disabled sister, Plaintiff Ha Hoang, and his

---

[1] The Hoangs' case had been consolidated with a separate and related action brought by Allstate Insurance Company against the same parties to recover for monies paid to the Hoangs under a homeowners' insurance policy. In January 2008, Allstate moved to voluntarily dismiss its case, and the Court granted the motion. (Doc. Nos. 18 & 21.) Thus, the Hoang action is the only case now before the Court.

elderly mother, Kien Tran.  (Doc. No. 29, at 5; Nam Hong Dep. 4-5.)  The Hoangs maintain that the fire was caused by a defect in a Sylvania combination television/video cassette recorder ("TV/VCR") that was manufactured and/or distributed by Defendants.[2]  (Doc. No. 15–3; Doc. No. 27, at 2; Doc. No. 27-2, at 2.)  According to the Hoangs, their brother Giang Hoang purchased the TV/VCR from a Sears store in Mays Landing, New Jersey, as a gift for his mother and/or sister, who then placed the TV/VCR in the Harrisburg home.  (Giang Hoang Dep. 8-11, 21-23, 25; Nam Hoang Dep. 7-9; Kien Tran Dep. 5-7, 10-11.)

In addition to disavowing any basis for liability, Defendants dispute whether sufficient evidence exists to establish that the Hoangs had in their home a Sylvania TV/VCR combination unit that Defendants had manufactured and/or distributed.  (Doc. No. 19, at 5.)  Because there were serious factual questions whether Giang Hoang ever purchased a Sylvania TV/VCR at Sears and whether the TV/VCR was the one in Nam Hoang's residence, the Defendants requested that the Court limit the initial phase of discovery to matters relating to "product identification."  The Court gave the parties a limited amount of time to engage in discovery tailored to this narrow issue.[3]

---

[2]  The Hoangs assert that the following companies were involved in the manufacturing and/or distribution of the TV/VCR: Funai Corporation, Funai Electric Corporation, Osram Sylvania, Inc., Osram Sylvania Products, Inc., Sears Holding Corporation, Sears Roebuck & Company, K-Mart Corporation and K-Mart Holding Corporation.

    Funai Electric, which was named a defendant in this suit, was dismissed on February 25, 2008, because of the Hoangs' failure to effect timely service on the company. (Doc. Nos. 8 & 21.)  The remaining entities—Funai Corporation, Osram Sylvania, Inc., Osram Sylvania Products, Inc., Sears Holding Corporation, Sears Roebuck & Company, K-Mart Corporation and K-Mart Holding Corporation—will be collectively referenced as "Defendants."

[3]  Prior to a case management conference with the Court, Defendants indicated that there was a "dearth of information to confirm the identification of the subject product" as a Sylvania 13" TV/VCR combination unit.  (Letter dated June 12, 2007.)  Defense counsel expressed concern about Plaintiffs' reliance on anecdotal evidence and emphasized that the item Giang Hoang

Thereafter, on April 29, 2008, Defendants filed the instant motion for summary judgment, or, alternatively, partial summary judgment, claiming that the Hoangs would be unable to prove that the TV/VCR in question was a Sylvania TV/VCR purchased at the Sears store in Mays Landing, New Jersey.  (Doc. No. 24.)  On May 14, 2008, the Hoangs filed a brief in opposition (Doc. No. 27), to which they attached a letter from Defendants' counsel acknowledging that Sears's records confirm that Giang Hoang purchased a Sylvania TV/VCR combination unit on September 18, 2003, in its Mays Landing store (Doc. No. 27-2, at 2).  On April 29, 2008, Defendants submitted a reply brief.  (Doc. No. 29.)

---

purchased at Sears on August 9, 2003—the date on which Plaintiffs initially believed the TV/VCR was purchased—was not a television, but a weed wacker.  (Id.)  Because of the scant evidence identifying the product as a Sylvania television, Defendants requested discovery "as it pertains exclusively to the issue of product identification."  (Id.)  As the Court understood Defendants' discovery request at the time, and as it was presented during the subsequent case management conference, Defendants sought to ascertain (1) whether Giang Hoang purchased a Sylvania TV/VCR at the Sears in Mays Landing and (2) whether that same television unit was in Nam Hoang's residence the date of the fire.
    In the motion now before the Court, Defendants make certain arguments that do not pertain to product identification in the sense of determining the make and model of the "subject product."  Defendants argue more broadly that Plaintiffs have not established the requisite link between the Sylvania TV/VCR combination unit and each Defendant—that is, Plaintiffs have not adequately advanced how each Defendant was involved in the chain of commerce as it relates to the TV/VCR.  The Court believes that this matter is outside of the narrow "product identification" issue that the initial stage of discovery was aimed to explore.
    The depositions conducted by Defendants clearly indicate that their primary concern was determining whether any evidence existed that (1) Giang Hoang purchased a Sylvania TV/VCR from Sears and/or (2) that particular TV/VCR was in Nam Hoang's residence on the date of the fire.  A review of Defendants' answer also supports the conclusion that the initial discovery was focused upon determining whether the product in Nam Hoang's home was "Sylvania-badged." (See Doc. No. 15-4, ¶¶ 42, 64, 79, pages 12, 13, 15) (Defendants' responses to Plaintiffs' factual allegations frequently begin with  the comment, "if it was indeed a Sylvania-badged product (which is not conceded) . . . ."  These statements likewise suggest that the initial question of "product identification" revolved around whether the product in question was "Sylvania-badged.").

**II.     STANDARD OF REVIEW**

Summary judgment is appropriate if the "pleadings, the discovery and disclosures on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd., 298 F.3d 201, 210 (3d Cir. 2002) (internal citations omitted). When determining if a material fact is in dispute, the court must view all evidence in the light most favorable to the non-moving party. Id. A court should not weigh the evidence, nor should a court determine the truthfulness of the evidence, but rather should "determine whether there is a genuine issue for trial." Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 443 (3d Cir.2003).

**IV.     DISCUSSION**

Defendants maintain that the evidence submitted by the Hoangs is "too vague, inconsistent and speculative" to support a finding that a TV/VCR they manufactured and/or distributed was in the Hoang residence. (Doc. No. 24, ¶ 8.) After considering defense counsel's letter, the sales records from Sears, and the testimony of various Hoang family members, the Court concludes that summary judgment is inappropriate.

Defendants have admitted that a Sylvania TV/VCR was purchased by Giang Hoang on September 18, 2003, at a Sears store in Mays Landing, New Jersey.  (Doc. No. 27-2, at 2.)  Giang Hoang, who has suffered a series of strokes since 2003, stated that he believes the brand name of the TV/VCR he purchased started with "S-Y."  (Doc. No. 25-3, at 10.)  In addition, Nam Hoang claims that Giang Hoang (before the onset of his health conditions) stated that the TV/VCR was a Sylvania.  (Doc. No. 25-2, at 13.)  The testimony of these two individuals is bolstered by the records from Sears confirming that Giang Hoang did, in fact, purchase a 13" Sylvania TV/VCR in September 2003.  (See generally Doc. No. 27-2.)  Additionally, deposition testimony was elicited from Giang Hoang, Nam Hoang, and Kien Tran indicating that Giang Hoang briefly took the  Sylvania TV/VCR he had purchased at Sears into his home before placing the unopened TV/VCR box into the vehicle driven by Nam Hoang transporting Nam, Kien Tran, and Ha Hoang back to Harrisburg.  (Nam Hoang Dep. 7-10; Giang Hoang Dep. 9-11, 21-23; Kien Tran Dep. 4-5, 7, 10.)  There is further testimony suggesting that the television was removed from that vehicle and set up in Nam Hoang's living room as a birthday present for Ha Hoang by either Ha herself or by Kien Tran.  (Nam Hoang Dep. 9-10; Giang Hoang Dep. 23-25.)  Giang Hoang maintains that the Sylvania TV/VCR combination unit was the only one he ever purchased for his mother and/or sister (Giang Hoang Dep. 10-11) , and Nam Hoang seemed to indicate that the TV/VCR was the only television in the residence (Nam Hoang Dep. 15).  A fact finder  presented with this evidence could reasonably conclude that the Giang Hoang bought a 13" Sylvania TV/VCR at Sears in Mays Landing, and that the same TV/VCR was the alleged cause of the Hoangs' apartment fire.

Because there is a genuine issue of material fact relating to whether the TV/VCR bought by Giang Hoang on September 18, 2003, was the same TV/VCR kept in the living room of Nam Hoang's residence, Defendants' motion for summary judgment on the basis of product identification will be denied.[4]

An appropriate order follows.

---

[4] Defendants also argue that the Hoangs violated Middle District of Pennsylvania Local Rule 56.1 by failing to include a "separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the [movant's statement of material facts], as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56.1. The Hoangs' submissions do not conform with the Local Rule; however, the Court declines Defendants' invitation to grant summary judgment on the basis that certain material facts should be deemed admitted.

The Hoangs would be well advised to review Local Rule 56 and ensure that any future summary judgment filings conform with its requirements.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HA L. HOANG and NAM L. HOANG,** | : | **CIVIL ACTION NO. 1:07-CV-799** |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **FUNAI CORPORATION, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 30th day of June, 2008, upon consideration of Defendants' motion for summary judgment or, alternatively, for partial summary judgment, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that the motion (Doc. No. 24) is **DENIED**.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania